UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

——————————————————————————————
                                       )
MIGUEL A. MORALES,                     )
                                       )
          Plaintiff,                   )
                                       )    NO. 15-cv-10074-MPK
          v.                           )
                                       )
LUIS S. SPENCER, et al.,               )
                                       )
          Defendants.                  )
——————————————————————————————)

<u>MEMORANDUM AND ORDER</u>

Kelley, M.J.

        Now pending are defendants' Motion to Dismiss (#39) and

plaintiff's Opposition (#42) as well as plaintiff's motions,

several filed ex-parte, for Trial by Jury (#31); to Amend

Amended Complaint and Add a Party (#32); to Enter Notice of

Settlement Agreement (#33); to Stay Proceedings (#34); to Add a

Plaintiff (#35); to Dismiss Defendants' Responsive Pleadings

(#44); and to Supplement Plaintiff's Motion to Dismiss

Defendants' Responsive Pleadings (#46).1

        For the reasons set forth below, defendants' Motion to

————————————————————

1 Plaintiff filed the Supplemental Motion "to ensure all
arguments" raised in his motion to dismiss defendants'
responsive pleadings were "properly covered." (#46 at 1.)  The
Court has considered the points raised in the supplemental
motion.

Dismiss is allowed and plaintiff's motions are denied.

I.   Background and Procedural History

Miguel A. Morales, a Massachusetts inmate incarcerated at MCI Concord, initiated this civil rights action by filing a complaint on January 12, 2015. (#1.) Because the complaint was filed without payment of the filing fee, Morales was granted additional time to do so. (#7.) In response, he filed a motion for leave to proceed in forma pauperis and a copy of his prison account statement. (##11,12.)  Morales also filed a motion to amend accompanied by a proposed amended complaint. (#13.) The amended complaint was entered on the docket. (#15.)

In plaintiff's 32-page, rambling, amended complaint he challenges the fact that several magazines and art books he possessed were classified as contraband and recounts his efforts to be transferred to a female prison.2  Id.  Morales argues that his rehabilitation depends on access to his art and his ability

---

2 The original complaint briefly refers to these confiscated items as "art books" that plaintiff says he needs for "graphic design education" but also identifies them specifically as "BodyArt2," "Lust for the Devil," and "Erotic Santanic Art of Felician Rops," (among other titles) that strongly suggest that they are pornographic. (#1 at 7-8.)  Defendants' argument assumes that the items are "pornography/explicit materials." (#40 at 3.) Without any further explanation from plaintiff, or objection to defendants' characterization of the materials as pornographic, the Court assumes the materials are in fact pornographic.

to fraternize with the opposite sex.  Id.

By Order dated January 12, 2016, plaintiff's motion for leave to proceed in forma pauperis was granted and summonses issued for service of the amended complaint on the thirteen named defendants. (##14, 17.)

The Court's records indicate that summonses were returned as executed as to the following nine defendants: (1) Osvaldo Vidal, (2) Michael Rodriguez, (3) Lynn Chernesky, (4) Terry Fougere, (5) Thomas Tocci, (6) Deborah Leabman, (7) Kate Silvia, (8) Carol Higgins O'Brien and (9) Kristie Ladouceaur.  (##18-26.)  The United States Marshals Service was unable to serve the remaining four defendants (Carrier, Gelb, Span and Spencer) as they no longer work at the Souza Baranowski Correctional Center and/or the Massachusetts Department of Correction. (##27-30.)

The January 12, 2016 Order granted Morales 120 days to complete service of the amended complaint (#15) on the thirteen defendants.  (#14.)  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Morales had until May 11, 2016, to file a valid return of service as to the four unserved defendants (Carrier, Gelb, Span and Spencer) or show good cause in writing for why service had not been made by May 11, 2016.

Morales subsequently filed five ex-parte motions seeking

3

(1) a trial by jury, (2) to amend and add a new party, (3) to enter a notice of settlement agreement, (4) to stay the proceedings and (5) to add a plaintiff. (##31-35.)

On April 28, 2016, all thirteen defendants, without waiving any defenses or objections, moved to dismiss the amended complaint for failure to state a claim and for lack of service. (#39.) Morales filed a Motion to Dismiss Defendants [sic] Responsive Pleadings and two further ex-parte motions to dismiss in opposition. (##42, 44, 46.)  In his first Motion to Dismiss Defendants' Responsive Pleadings, Morales argues, among other things, that he should be granted "more time for service of the summons since the Defendants have not showed a prejudice in allowing the extension."  (#42.)  He also contends that because of a negligent investigation into Morales' missing property grievance, the defendants "have to replace [his] missing magazines."  Id.

In his Ex-Parte Motion to Dismiss, Morales argues that he has a right to rehabilitation. (#44.) He complains that the Departmental Disciplinary Unit ("DDU") is used "to retaliate," that "the provision of rehabilitation is biased," and is segregated by race and gender.  Id.  He also states that he "believe[s] in Tantric Wicca as [he calls] it, which is a

combination of two [religions:] Tantrism and Wicca." <u>Id.</u> at 5.

In his Supplemental Motion, Morales states that the "main point of [his] argument is that regardless of [his] religious beliefs [, he does] not believe in the gender segregation." (#46.)  He challenges the forced separation of the sexes and seeks "transfer to an environment to share the same cell with a female prisoner…." <u>Id.</u>

## II.   <u>Morales' Ex-Parte Motions (## 31-35)</u>

Morales filed five motions seeking ex parte relief.  (##31-35.)  There does not appear to be any reason for the motions' designation as ex parte.  For the reasons stated below, the motions are denied.3

Morales' Motion to Enter a Notice of Settlement Agreement is denied because there is no evidence that any settlement was reached between plaintiff and any of the defendants.

Plaintiff moved for a trial by jury. (#31.) The procedures regarding a demand for a jury trial are set forth in Rules 38 and 39 of the Federal Rules of Civil Procedure.4  Rule 38(d)

---

3 Morales has not established cause for sealing this Memorandum and Order, therefore, it will be available on the public docket.
4 Rule 38(b) provides that on any issue triable of right by a jury, a party may demand a jury trial by:
    (1) serving the other parties with a written demand--which
    may be included in a pleading--no later than 14 days after
    the last pleading directed to the issue is served; and

provides, "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). Notwithstanding this directive, Rule 39(b) provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

Unless Morales' amended complaint included a written demand for jury trial, the rules require him to serve the other parties with a written demand no later than 14 days after the last pleading directed to the issue is served. Here, Morales' motion for jury trial was filed before any defendant answered or filed a responsive pleading to the amended complaint. However, the motion was filed ex parte and without notice to defendants. Plaintiff's ex parte motion is not a sufficient jury demand and is denied.

Morales filed a motion to amend accompanied by a proposed second amended complaint as well as a motion seeking to add a new co-plaintiff. (##32, 35.) In both motions, Morales seeks to add Correction Officer Hisman as a co-plaintiff. Id. The Court's records indicate that Morales amended his original

_____

(2) filing the demand in accordance with Rule 5(d).
Fed. R. Civ. P. 38(b).

complaint once as a matter of course pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure.  Now, any further amendment must be sought pursuant Federal Rule of Civil Procedure 15(a)(2), providing that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."

Among other things, the proposed second amended complaint ("SAC") seeks to add claims that have arisen since the filing of the first amended complaint. (#32 at exh. 5.)  Also, the proposed SAC adds Correctional Officer Hisman as a co-plaintiff. Id.  Specifically, Morales alleges that on January 7, 2016, he and Hisman agreed to have "consensual relationships with each other [and that when this agreement was discovered it] cause[d] the plaintiff to be placed in a segregation unit in MCI Concord on Awaiting Action status while under a private investigation." Id. at ¶ 29.

The Court finds that the proposed SAC would cause an undue burden on the defendants because it adds new, unrelated claims. Because these new claims involve new theories of recovery, it would impose additional discovery requirements and would add further delay to this case.  Therefore the motion to amend

(#32)is denied.5

With regard to Morales' efforts to add Hisman as a
plaintiff, the Court notes that Hisman has not signed the SAC or
the motion seeking to add a plaintiff.  (##32-5, 35.)  Rule
11(a) of the Federal Rules of Civil Procedure requires that
"[e]very pleading, written motion, and other paper must be
signed by at least one attorney of record in the attorney's
name--or by a party personally if the party is unrepresented."
See Fed. R. Civ. P. Rule 11(a).  Because Hisman has not signed
the pending motions or the proposed SAC, Morales cannot add her
as a plaintiff to this action.  Thus, Morales' motion to add a
plaintiff (#35) is denied.

III. Standard for Dismissal

The Court's responsibility in considering a civil complaint
filed by a prisoner who is allowed to proceed in forma pauperis
in accordance with 28 U.S.C. § 1915(b)(1) is to determine as
soon as possible if the cause of action is frivolous, malicious,
fails to state a claim upon which relief may be granted, or

---

5 Morales' motion to amend was filed less than two months after
the alleged agreement between Morales and Hisman and his
subsequent transfer to MCI Concord.  As such, it does not seem
possible that Morales could have fully exhausted all of his
administrative remedies with respect to this new claim prior to
filing the pending motion to amend.

seeks monetary relief from a defendant who is immune from such a claim.  28 U.S.C. §§ 1915A, 1915(e)(2)(B).

Here, defendants move for dismissal, in part, for failure to state a valid claim.  (#39.)  Rule 12 of the Federal Rules of Civil Procedure provides that a complaint can be dismissed for, among other things, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss, the court accepts as true the factual allegations of the amended complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is "plausible on its face." Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted)). "A claim is facially plausible if supported by 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678).  A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). However, the allegations must be sufficient to identify the manner by which the defendants subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy.  Iqbal, 556 U.S. at 678.  Legal conclusions couched as

facts and "threadbare recitals of the elements of a cause of action" will not suffice.  Iqbal, 556 U.S. at 678. See also Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011.)

A pro se plaintiff is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).  However, even with the application of this lenient standard, here, the amended complaint should be dismissed.

IV.  Plaintiff's Amended Complaint is Subject to Dismissal

1.   Failure to Effect Service of Process

Defendants Spencer, Gelb, Span and Carrier argue that plaintiff failed successfully to serve these defendants.  (#40.) The summonses were returned unexecuted on February 3, 2016.  Id. The Court will not dismiss the claims against these four defendants for insufficient service of process.  As discussed below, Morales fails to state a claim against all of the defendants, including the four, unserved defendants and the claims will be dismissed for that reason.

2.   The Amended Complaint Fails to State a Claim Regarding Placement at MCI Framingham

Morales argues that his rehabilitation and his exercise of religion is impacted by the separation of male and female inmates.  Morales' claim that he should be transferred to the women's prison at MCI Framingham is subject to dismissal.

As noted by defendants, inmates have no federal constitutional right to rehabilitation.  Fiallo v. DeBatista, 666 F.2d 729, 730-31 (1st Cir. 1981) (finding that Eighth Amendment did not guarantee drug addicted inmate right to transfer from prison to drug treatment facility).  In Fiallo, the First Circuit dismissed the case, finding no "authority for the proposition that a prison inmate has a federal constitutional right to rehabilitation." Id. at 730 (citing Hutto v. Finney, 437 U.S. 678, 686 n. 8 (1978); cf. Rhodes v. Chapman, 452 U.S. 337 (1981) (restrictive jail conditions alone are not constitutional violation)).

To the extent plaintiff argues that he is entitled to be housed with women because of his religious (Tantrism and Wicca) beliefs, he fails to state a claim.  Generally, inmates do not have a liberty interest in placement in a particular facility. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  On that basis, the Court held in Sandin v. Conner, 515 U.S. 472 (1995), that an inmate does not possess a protected liberty interest in

preventing an intra-prison transfer to a more restrictive form of confinement unless the change would work an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") prohibits state governments from placing a "substantial burden" on the religious exercise of inmates unless the government demonstrates that the burden furthers a compelling government interest and is the least restrictive means of furthering that interest. See 42 U.S.C. § 2000cc-1(a); see also McGee v. O'Brien, No. CV 14-13765-MPK, 2016 WL 471283, at *5 (D. Mass. Feb. 5, 2016) (citing Spratt v. Rhode Island Dept. of Corrs., 482 F.3d 33, 37 (1st Cir. 2007)).  However, as noted by defendants, "[i]n Massachusetts, by statute, male and female prisoners are housed separately, G.L. c. 127, § 22." DuPont v. Comm'r of Correction, 448 Mass. 389, 393 (2007).  In DuPont, the Court noted that it seems "beyond controversy that [men and women] may lawfully be segregated into separate institutions within a prison system."  Id. at 395 (citations omitted).

Here, Morales has failed to state a RLUIPA claim and he is not otherwise entitled to classification and/or transfer to a women's prison.

3.  Classification of Magazines and Books as Contraband

To the extent Morales challenges the classification as contraband several magazines and art books, he fails to state a claim.  As noted by defendants, "[f]ederal courts have uniformly rejected First Amendment challenges to bans by prison authorities on inmate access to pornography." Silva v. Clarke, No. 10-11381-RGS, 2010 WL 5441906 n. 2 (D. Mass. Dec. 22, 2010) (citing Amatel v. Reno, 156 F.3d 192, 198-199 (D.C. Cir. 1998)). The First Circuit has upheld a Massachusetts prison regulation banning possession of sexually explicit materials.  See Josselyn v. Dennehy, 333 F. App'x 581, 584-87 (1st Cir. 2009).  The Court found that prison security is a legitimate governmental interest that permits a ban on sexually explicit materials in prison. Id.

4.  Claims Against the Unserved Defendants

To the extent the amended complaint can be read to allege that Morales' rights were violated when Gelb, Span and Carrier denied Morales' grievances, defendants correctly note that denial of a grievance is not conduct that violates any

constitutional, statutory or regulatory principles.  Thus, the claims against Gelb, Span and Carrier are subject to dismissal pursuant to 28 U.S.C. § 1915A.

To the extent the amended complaint can be read to allege that Morales' rights were violated when Spencer "supported" the decision of Gelb, Span and Carrier to deny Morales' grievances, Spencer cannot be held liable on the tort theory of respondeat superior.  "Section 1983 does not impose purely supervisory liability; it aims at persons who have actually abused their positions of authority, and hence only persons who were directly involved in the wrongdoing may be held liable."  Martinez-Velez v. Rey-Hernandez, 506 F.3d 32, 41 (1st Cir. 2007) (internal quotation marks and citations omitted).

A complaint asserting a supervisory-liability claim must plausibly allege both "that one of the supervisor's subordinates abridged the plaintiff's constitutional rights" and "that the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference."  Guadalupe-Báez v. Pesquera, 819 F.3d 509, 515 (1st Cir. 2016) (brackets and internal quotations marks omitted).

14

As to defendant Spencer, Morales does not assert sufficient allegations concerning him, making it impossible for the Court to infer that Spencer was involved in the alleged misconduct. Alleging that Spencer "supported" a decision does not state the affirmative link necessary to impose liability under Section 1983.  Morales does not indicate his theory of liability in regard to Spencer, and mere supervisory authority over subordinates who carry out alleged constitutional violations is insufficient to bring one within the purview of Section 1983. Thus, the claim against defendant Spencer is subject to dismissal pursuant to 28 U.S.C. § 1915A.

5. The Amended Complaint Fails to
   Comport With the Pleading Requirements
   of the Federal Rules of Civil Procedure

To the extent Morales may assert additional claims, the amended complaint fails substantially to comply with the pleading requirements of the Federal Rules of Civil Procedure. The thirty-two page pleading does contain numbered paragraphs, however, such numbering is essentially meaningless where the allegations are not limited to a single set of circumstances as required by Rule 10(b).  Many of the paragraphs are several pages long.  Additionally, the amended complaint fails to set forth Morales' claims in a clear fashion in accordance with Rule

8(a).  The paragraphs often contain random facts and legal assertions that amount to a "stream of consciousness" style.

Even after Morales had the opportunity to file an amended complaint, the majority of Morales' claims are not set forth in a fashion which permits the defendants to file a meaningful response.  Morales has failed to meet the pleading requirements for proceeding in this Court and, as such, the amended complaint is subject to dismissal.  See Bagheri v. Galligan, 160 Fed. Appx. 4, 5, 2005 WL 3536555, *1 (1st Cir. 2005) (unpublished decision, finding complaint deficient because, inter alia, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts; "[the district court's requirement of an amended complaint] to remedy this deficiency ... did not demand more than the minimum necessary to satisfy notice pleading standards.").

V.   Res Judicata

In addition to dismissing the amended complaint for failure to state a claim, defendants argue that this action is also subject to dismissal based on the doctrine of res judicata. Claim preclusion, also known as res judicata, prevents the relitigation of claims that a party "had the opportunity and

incentive to fully litigate . . . in an earlier action."

Giragosian v. Ryan, 547 F.3d 59, 63 (1st Cir. 2008).

Here, Morales seeks an identical order to ones sought in

Morales v. Saba, No 15-cv-10732-RGS (dismissing, Feb. 12, 2016),

appeal filed, No. 16-1334, and Morales v. Saba, No. 15-1387-RGS

(dismissing, Feb. 12, 2016), appeal filed, No. 16-1334.  In both

actions, Morales sought to be housed at MCI Framingham with

female inmates.  Id.  To the extent Morales pursues the same

claims, this Court will give these earlier district court

decisions claim preclusive effect.

## CONCLUSION

Based on the foregoing, it is ORDERED that:

1.  Plaintiff's (Ex Parte) Motion [#31] for Trial by Jury is DENIED;

2.  Plaintiff's (Ex Parte) Motion [#32] to Amend and Add a Party is DENIED;

3.  Plaintiff's (Ex Parte) Motion [#33] to Enter Notice of Settlement Agreement is DENIED;

4.  Plaintiff's (Ex Parte) Motion [#34] to Stay Proceedings is DENIED;

5.  Plaintiff's (Ex Parte) Motion [#35] to Add a Plaintiff is DENIED;

6.  Plaintiff's (Ex Parte) Motion [#42] to dismiss Defendants' Responsive Pleading is DENIED;

7.  Plaintiff's (Ex Parte) Motion [#44] to dismiss Defendants' Responsive Pleading is DENIED;

8.   Plaintiff's   (Ex   Parte)   [#46]   Supplemental   Motion   to
Plaintiff's Motion to Dismiss Defendants' Responsive Pleading has
been considered by the Court and the motion is DENIED; and

9.   Defendants' Motion to Dismiss [#39] is GRANTED for the reasons
stated above.

SO ORDERED.

                              /s/ Page Kelley
                          _____
                          M. PAGE KELLEY
                          UNITED STATES MAGISTRATE JUDGE

DATE:  July 8, 2016